```
                 IN THE UNITED STATES DISTRICT COURT

               FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ALLAN RICHARD ZBLEWSKI,

                        Plaintiff,

        v.                                    MEMORANDUM AND ORDER

MICHAEL J. ASTRUE,                                 07-cv-429-jcs
Commissioner of Social Security,

                        Defendant.
_____
```

Plaintiff Allan Richard Zblewski commenced this action pursuant to 42 U.S.C. § 405(g) for review of the defendant Commissioner's final decision denying him Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). He asks the Court to reverse the decision of the Commissioner or to remand for further proceedings.

Plaintiff applied for benefits on June 10, 2004 alleging disability due to hepatitis since April 1, 2004. His application was denied initially and upon reconsideration. A hearing was held on December 12, 2006 before Administrative Law Judge (ALJ) Robert L. Bartelt, Jr. In a written decision dated February 22, 2007 the ALJ found plaintiff not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 1, 2007.

FACTS

Plaintiff was born on August 2, 1960. He completed the tenth grade and worked as a roofing laborer, cement finisher, concrete finisher and landscaper.

In February 2003 plaintiff was treated for a sprained left shoulder. His range of shoulder motion was limited by pain but he did not have any signs of impingement.

In April 2003 plaintiff injured his knee while employed as a roofer. He had swelling of his right knee with limited range of motion.

In April 2004 plaintiff was diagnosed with chronic hepatitis. In June 2004 plaintiff was hospitalized for abdominal pain but the cause of the pain was uncertain. An ultrasound revealed a small lesion within the left lobe of the liver. In June 2004 plaintiff was treated by nurse practitioner Patrice Kennedy at the Hepatology Clinic. She noted that plaintiff had a history of alcohol abuse until April 2004.

A June 28, 2004 CT scan did not reveal any explanation for plaintiff's abdominal pain but revealed multiple lymph nodes consistent with hepatitis. On July 19, 2004 plaintiff was continued on morphine for stomach pain.

In October 2004 plaintiff underwent a liver biopsy which showed liver cirrhosis. Plaintiff began interferon therapy. He

developed an MRSA infection which was resolved but the interferon therapy ceased.

In November 2004 Nurse Kennedy completed a residual functional capacity form for plaintiff noting that he could sit for twenty minutes at a time and for four hours in a work day and could stand for twenty minutes at a time for less than two hours a day. Kennedy stated that plaintiff could not work a full eight hour work day and could only work ten hours a week. She indicated that plaintiff could occasionally lift less than ten pounds and could rarely climb stairs. She concluded that plaintiff would need unscheduled breaks four times a day due to pain, arthralgia, fatigue, nausea and medication side effects.

In November 2004 Teresa Kulie, M.D., plaintiff's treating physician, completed a residual functional capacity questionnaire. Dr. Kulie opined that plaintiff could lift less than ten pounds, stand less that two hours and sit for two hours in an eight hour work day. She also stated that plaintiff needed to change position every ten to fifteen minutes.

In January 2005 Robert Callear, M.D., a state agency physician, reviewed plaintiff's medical records and assessed his residual functional capacity. He noted that plaintiff had Hepatitis C and abdominal pain of unknown origin. He also noted that plaintiff's liver function tests were normal. Dr. Callear

concluded that plaintiff retained the capacity for a full range of sedentary work.

In July 2005 Dr. Kulie reported that a magnetic resonance imaging (MRI) scan showed plaintiff had some mild stenosis in the cervical spine but no lumbar spinal pathology. She noted that plaintiff's hepatitis C seemed to be in remission.

In October 2004 plaintiff complained of sharp chest pain, tightness and shortness of breath. Alan H. Singer, M.D. had plaintiff perform a cardiac exercise stress test. Dr. Singer concluded that the test was negative for angina and ischemic electrocardiogram changes. He concluded plaintiff had a normal heart rate and blood pressure response.

In June 2006 plaintiff complained of chest pain and was hospitalized for two days for evaluation. The doctors concluded that his complaints were not related to a heart attack or any other significant cardiac problem. The doctors concluded that plaintiff had not had a heart attack.

In August 2005 Daniel Malone, MD, a rheumatologist evaluated plaintiff for complaints of arthralgia in his fingers and knees. After evaluating plaintiff Dr. Malone concluded he did not have rheumatoid arthritis.

**DECEMBER 12, 2006 HEARING**

At the December 12, 2006 hearing before the ALJ plaintiff appeared with counsel and testified that he had injured his knee

and back while he was employed as a roofer. Plaintiff testified that his pain is worse because of rheumatoid arthritis. Plaintiff also testified that he had a heart attack six months previously and that he had experienced balance problems since then. He further testified that he had Hepatitis C which caused him pain.

Upon questioning by the ALJ plaintiff testified that he weighed 264-266 pounds and that he had tried Interferon for Hepatitis C but had to stop because he got a severe infection from it. He further testified that he did not have a driver's license but might be able to obtain one. He testified that he had been a heavy drinker but had not consumed any alcohol in twenty months. Plaintiff testified that he did some household chores, built model rockets and had taken a trip to Florida. His wife drove to Florida and he laid on a mattress in the back of the truck.

Leslie Goldsmith, a vocational expert, was present at the hearing and had reviewed the record. The ALJ asked the expert whether an individual with the plaintiff's age, education, work experience and residual functional capacity could perform any jobs in the regional economy advising that plaintiff retained the residual functional capacity to perform the residual functional capacity to perform light and sedentary work which allows him some flexibility to sit or stand with only occasional bending, twisting, kneeling or squatting. He testified that plaintiff could not perform his past work but could perform jobs that existed in

significant numbers in the national economy as Security Guard/Surveillance Monitor, a sedentary occupation (3,000 jobs), Parking Lot Attendant, a light occupation, (1,000 jobs) and Assembler, a sedentary occupation (1-2,000 jobs).

**THE ALJ'S DECISION**

In his written decision dated February 22, 2007 the ALJ concluded that plaintiff had severe impairments of chronic back and knee pain together with hepatitis C. He found that plaintiff did not have cardiac problems or rheumatoid arthritis and that his sleep apnea and asthma were not severe. The ALJ specifically found that plaintiff's hepatitis C did not meet the listing because claimant does not have esophageal varices, ascites or hepatic cell necrosis. The ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets or medically equals any listed impairment.

The ALJ concluded that claimant retained the residual functional capacity to perform light and sedentary work which allows him some flexibility to sit or stand with only occasional bending, twisting, kneeling or squatting. In making this determination the ALJ considered that plaintiff had tried interferon but it raised a severe reaction and MRSA infection and had to be discontinued.

The ALJ found that plaintiff was not fully credible concerning his knee and back pain because there was no medical evidence

supporting his claims of extreme back and knee pain. He also considered plaintiff's daily activities and the side effects of the interferon pursuant to Social Security Ruling 96-7p. The ALJ also concluded that the credibility of plaintiff's testimony was questionable because he testified that he had a heart attack and rheumatoid arthritis when he had been advised that he did not have these conditions.

The ALJ discounted the opinion of Patrice Kennedy concerning plaintiff's residual functional capacity because she was not an acceptable medical source, (20 CFR 404.513(a)), and because the objective medical evidence did not support her finding. The ALJ also discounted the opinion of Dr. Kulie regarding plaintiff's residual functional capacity because he found it based primarily on the plaintiff's subjective complaints and not supported by the objective medical evidence.

Based on the testimony of the vocational expert the ALJ found that plaintiff was not disabled because although he could not perform his past relevant work he could perform a significant number of jobs that existed in the national economy. The ALJ also found that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

The ALJ made the following findings:
> 1. The claimant meets the disability insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial activity since April 1, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.071 *et seq.*).

*3.* The claimant has the following severe impairments: chronic back pain, chronic knee pain; hepatitis C (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 10 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the exertional requirements of light and sedentary work with the following nonexertional impairments: only occasional bending, twisting, kneeling or squatting; the opportunity to sit or stand.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 2, 1960 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

>    10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).
>
>    11. The claimant has not been under a "disability", as defined in the Social Security Act from April 1, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

On March 30, 2007 plaintiff submitted a letter from Dr. Teresa Kulie dated March 30, 2007. In her letter Dr. Kulie noted that plaintiff's abdominal pain is documented by a May 18, 2006 physical exam and Hepatitis C lab work and ultrasounds-guided liver biopsies. The Appeals Council considered the letter when it denied plaintiff's request for review on June 1, 2007.

                              OPINION

This Court must determine whether the decision of the Commissioner that plaintiff was not disabled is based on substantial evidence pursuant to 42 U.S.C. § 405(g). See Arbogast v. Bowen, 860 F. 2d 1400, 1402-1403 (7th Cir. 1988). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Disability determinations are made pursuant to a five-step sequential evaluation procedure. 20 CFR § 404.1520(a)-(f). First,

the claimant must not be performing substantial gainful activity. Second, the claimant must have a severe, medically determinable impairment. Third, a claimant will be found disabled if his or her impairment is equal in severity to a listed impairment in 20 C.F.R. Subpart P, Appendix 1. Fourth, if the claimant does not meet the third test, he/she must not be able to perform his/her past work. Fifth, if the claimant cannot perform his/her past work, he or she must not be able to perform any existing jobs available in the national economy given his or her educational background, vocational history and residual functional capacity.

In his written decision dated February 22, 2007 the ALJ concluded that plaintiff had severe impairments of chronic back and knee pain together with hepatitis C. The ALJ specifically found that plaintiff's hepatitis C did not meet the listing because claimant does not have esophageal varices, ascites or hepatic cell necrosis. The ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets or medically equals any listed impairment.

The ALJ concluded that claimant retained the residual functional capacity to perform light and sedentary work which allows him some flexibility to sit or stand with only occasional bending, twisting, kneeling or squatting. Based on the testimony of the vocational expert the ALJ found that plaintiff was not disabled because although he could not perform his past relevant

work he could perform a significant number of jobs that existed in the national economy.

**RESIDUAL FUNCTIONAL CAPACITY**

Plaintiff contends that the ALJ erred in finding that plaintiff retained the residual functional capacity to perform light and sedentary work with a sit stand option with only occasional bending, twisting, kneeling or squatting. The issue is whether there is substantial evidence in the record to support this finding.

The objective medical evidence in the record does not support plaintiff's complaints of chronic knee and back pain. Dr. Malone concluded that plaintiff did not have rheumatoid arthritis. Plaintiff's MRI scan showed no lumbar abnormalities that would account for plaintiff's chronic back pain. There is no evidence in the record that plaintiff had any cardiac condition. With regard to plaintiff's Hepatitis C, there is no evidence in the record that this condition affected his ability to perform limited light or sedentary work. In fact Dr. Kulie noted in July 2005 that plaintiff's hepatitis was in remission.

Although plaintiff argues that the ALJ should have considered plaintiff's obesity in the RFC finding there is no evidence in the record that the plaintiff's obesity affected his ability to work. The ALJ's residual functional capacity finding is based on substantial evidence.

11

**CONSIDERATION OF MEDICAL EVIDENCE**

Plaintiff argues that the ALJ erred in disregarding the opinion of plaintiff's treating physician Dr. Kulie.

In order to be entitled to controlling weight, a medical opinion must be rendered by a treating source, be well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. See 20 C.F.R. §404.1527(d)(2), Social Security Ruling 96-2p. Failure to provide good reasons for discrediting a doctor's opinion is alone grounds for remand. Clifford v. Apfel, 227 F.864, 870 (7th Cir. 2000). The ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir. 1992).

In his decision the ALJ stated he was disregarding Dr. Kulie's residual functional capacity finding because it was based primarily on the plaintiff's subjective complaints and not supported by the objective medical evidence. The medical evidence indicated that plaintiff did not have rheumatoid arthritis and had normal lumbar MRI findings. In July 2005 Dr. Kulie noted that plaintiff's hepatitis C was in remission. There is no objective medical evidence to support the work limitations that Dr. Kulie found for plaintiff. The ALJ properly disregarded Dr. Kulie's opinion.

The ALJ stated that he was disregarding Nurse Kennedy's opinion because she was not an acceptable medical source according

to the regulations and that further her opinion like Dr. Kulie's was inconsistent with the great weight of the medical evidence. The ALJ properly disregarded the residual functional capacity fending of Nurse Kennedy.

Plaintiff also argues that he did not mention the opinion of state agency physician Dr. Callear in his decision. This omission was harmless error because the Dr. Callear's opinion was largely consistent with the ALJ's residual functional capacity finding. Plaintiff would not be disabled regardless of Dr. Callear's opinion because of the medical evidence in the record. The ALJ properly considered the medical evidence in determining that plaintiff was not disabled.

**CREDIBILITY DETERMINATION**

Plaintiff claims that the ALJ's credibility determination was erroneous. The ALJ's credibility decision must be upheld unless it is "patently wrong." Powers v. Apfel, 207 F.3d 421, 435 (7th Cir. 2000). Social Security Ruling 96-7p requires the ALJ to consider the claimant's daily activities, the duration, frequency and intensity of the pain, precipitating and aggravating factors, the dosage, effectiveness and side effects of the medication and functional restrictions. 20 C.F.R. 404.1529(c).

The ALJ considered the medical evidence, the plaintiff's daily activities and the side effects of the interferon to find that plaintiff's testimony was not credible. The record supports this

conclusion. Accordingly, the Court will uphold the ALJ's decision concerning plaintiff's credibility.

**VOCATIONAL EXPERT TESTIMONY**

Plaintiff claims that the ALJ failed to ask the vocational expert if his testimony was consistent with the Dictionary of Occupational Titles. In Prochaska v. Barnhart, 454 F.3d 731, 735-736 (7th Cir. 2006), the Court held that the ALJ had an affirmative duty to inquire about conflicts between the vocational expert testimony and the Dictionary of Occupational Titles (DOT) pursuant to SSR 00-4p. There was no evidence in the record at the time of the hearing that there was a conflict between the testimony of the expert and the description of the jobs in the DOT. The ALJ stated in his decision as follows: "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Based on the record the Court finds that this statement is supported by substantial evidence. Accordingly, there were no conflicts between the expert's testimony and the DOT. Since there were no conflicts, any failure to inquire about them with the Vocational Expert was harmless error.

There is substantial evidence to support the Commissioner's finding that the plaintiff was not disabled because he could perform jobs existing in the national economy. Accordingly, the Commissioner's decision will be affirmed.

Plaintiff argues in the alternative that the above entitled action requires remand under sentence six of 42 U.S.C. §405(g). Such a remand is appropriate where there is a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Sample v. Shalala, 999 F.2d 1138, 1144 (7th Cir. 1993).

Plaintiff argues that Dr. Kulie's March 30, 2007 letter is new and material evidence because it is a rebuttal to the ALJ's decision. But this letter was considered by the Appeals Council in its decision and is therefore not new evidence. Plaintiff's motion for a sentence six remand will be denied.


ORDER

IT IS ORDERED that plaintiff's motion to reverse the decision of the Commissioner is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for a sentence six remand is DENIED.

<u>Zblewski v. Astrue</u>, 07cv-429-jcs

    IT IS FURTHER ORDERED that the decision of the defendant Commissioner denying plaintiff Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) is AFFIRMED.

    Entered this 28th day of January, 2008.

                             BY THE COURT:

                             /s/

                             _____
                             JOHN C. SHABAZ
                             District Judge